## OZMENT vs. ANGLIN.

1. Where, after a voluntary partition by tenants in common, one of them sues a stranger, in ejectment, for a small parcel of land which he claims to be a part of the subdivision which came to him in severalty by the partition, and a material question in the case is the precise location of an ancient boundary, evidence is admissible for the defendant, that, many years ago, one of the then co-tenants, when upon the land, and offering his interest for sale, pointed out to the witness how the dividing line ran, in doing which he indicated the line now contended for by the defendant as the true boundary. The plaintiff having derived his title in part from his former co-tenant, is, to some extent, affected by admissions as to boundary, which the latter made while the co-tenancy existed.

2. Where the land in dispute was under fence, in cultivation, and contiguous to the dwelling house of a person who went into possession in 1837, and continued in possession up to December, 1872, when she sold and conveyed to the present defendant, by whom possession was held until ejectment was brought in 1875, and where no disclaimer of title, so far as appears, occurred prior to the season for renting land in 1872, the strong and decided probability is, that a conversation then had, in which a person applying to rent for the year, understood a disclaimer to be made, was misunderstood; and evidence of such disclaimer having been adduced by the plaintiff at the trial of the ejectment, when the person to whom it was imputed, an aged female, was absent from the court, and residing in a different county, and her affidavit having been procured after the trial, and presented as a part of the motion for new trial, from which it clearly appears that she was in fact misunderstood, a new trial, in view of the whole case, ought to be granted.

Evidence. Partition. Title. Privies. New trial. Before Judge RICE. Jackson Superior Court. August Term, 1877.

Report unnecessary.

S. P. THURMOND; BARROW BROS., for plaintiff in error.

COBB, ERWIN & COBB; EMORY SPEER, for defendant.

BLECKLEY, Judge.

1. The plaintiff in ejectment held his estate in severalty as the result of a voluntary partition made between himself and his co-tenant. The latter had, before the partition, and, therefore, while interested in the premises, pointed out the boundary line separating the land which was the subject of the co-tenancy from the tract now claimed by the defendant in ejectment. That line, as then pointed out, would leave the disputed slip on the defendant's tract, and thus the present action would fail if the line indicated was the true one. The co-tenant, by reason of the voluntary partition, has been succeeded in his ownership of an undivided share by the plaintiff. The two are thus in privity, and the admissions of the former may affect the latter. The declaration as to the location of the boundary was an admission, and ought to have been received in evidence. The court erred in excluding it.

2. The chances are a thousand to one that Mrs. Venable was misunderstood when the witness thought she disclaimed title in herself and admitted it in Anglin. We will not say that this ground in the motion for new trial would be good by itself, but in view of the whole case, a new trial should have been granted. If justice was done before, it can be done again; if it was not done before, it may be done now.

Judgment reversed.